UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES EDWARD COOPER** | : | **CIVIL ACTION NO. 13-2215** |
| DOC #307553 | | SECTION P |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CALCASIEU CORRECTIONAL** | | |
| **CENTER, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed *in forma pauperis* by plaintiff James Edward Cooper ("plaintiff"). Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at Avoyelles Correctional Center in Cottonport, Louisiana. At the time of filing, plaintiff was housed at Calcasieu Correctional Center ("CCC") in Lake Charles, Louisiana. He complains of events that occurred at CCC. Named defendants in this matter are CCC Deputy Warden Darren Boyd; CCC medical clerk Cindy Roberts; Calcasieu Parish Sheriff Tony Mancuso; and CCC itself (collectively, "defendants").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons:

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

Plaintiff states that defendants violated his civil rights by delaying his medical care. Doc. 1. Specifically, he claims that on May 17, 2012, a non-prison doctor ordered him to be seen

by a specialist. *Id.* at 3. Plaintiff does not state the nature of his injury or illness. *Id.* He claims that CCC was aware of the doctor's order and, although "over four referrals were done," it took some ten months for him to be given an appointment. *Id.* Plaintiff further states that he was given an appointment only because he contacted defendant Boyd who then ordered defendant Roberts to do another referral. *Id.* at 3–4. Plaintiff complains that defendants' failure to timely schedule an appointment caused his condition to be considered non-urgent. *Id.* at 4.

As relief for the above, plaintiff seeks monetary damages for delayed medical care as well as an order requiring CCC to pay for an unspecified surgery.

## II. LAW AND ANALYSIS

### A. *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. *42 U.S.C. § 1983*

Federal law provides relief against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, the initial question in a § 1983 claim is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985). In order to hold the defendants liable, plaintiff must then allege facts to show that the conduct complained of was committed by a person acting under color of state law—that is, that the defendant was a state actor. *Id.*

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances. Further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated herein, that the complaint fails to state a claim upon which relief may be granted. Therefore, the complaint should be dismissed with prejudice.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir.1996). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Deliberate indifference is found only when the facts demonstrate wanton action on the part of prison officials that can be characterized as "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-06. A

plaintiff must allege that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that demonstrated wanton disregard for a serious medical need. *Domino*, 239 F.3d at 755 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). Negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993).

The appropriate test balances the needs of the prisoner against the needs of the penal institution, and as such, the critical focus looks to medical necessity, not desirability. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). A plaintiff's disagreement with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See e.g. Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992). An allegation that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992). Continuing pain is unpleasant, but it does not automatically demonstrate the occurrence of a constitutional violation. *Id.*

Plaintiff has failed to present any non-conclusory allegations of a subjective intent to cause harm by any of the defendants. Plaintiff, by his own admission, confirmed that he was eventually referred for his appointment. Doc. 1, pp. 3–4. He simply argues that the appointment was not scheduled quickly enough. Even if he could prove that the delay in his medical treatment resulted in inadequate medical care, he still does not present any factual allegations that the defendants subjectively intended to cause him harm. There is no doubt that plaintiff would have preferred an earlier appointment and treatment, but his dissatisfaction with the

timing of his appointment does not raise his claim to a constitutional dimension. An inmate's dissatisfaction over the course of his treatment is not a cognizable § 1983 claim. *See e.g. Norton*, 122 F.3d at 292; *Varnado*, 920 F.2d at 321.

Additionally, to the extent that plaintiff seeks an order requiring CCC to pay for his unspecified surgery, the fact that he has since been transferred out of CCC renders his claims moot. The transfer of a prisoner out of an allegedly offending institution generally moots the prisoner's claims for injunctive relief. *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001) (citing *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991).

### III. CONCLUSION

For the foregoing reasons:

**IT IS RECOMMENDED** that plaintiff's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 21st day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE